# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

<table>
<tr><td>In Re: Rare Breed Triggers Panel Litigation</td><td>4:26-md-03176<br>MDL 3176</td></tr>
<tr><td>ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MODEKHAI HARROCH,<br><br>Defendants.</td><td>Civil No. 2:26-CV-00053</td></tr>
<tr><td>ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PROSOURCE FIREARMS, LLC,<br><br>Defendant.</td><td>Civil No. 2:26-CV-00055</td></tr>
<tr><td>ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREARMS OF TEXAS, LLC,<br><br>Defendant.</td><td>Civil No. 2:26-CV-00058</td></tr>
</table>

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>AR-TT, LLC, a Washington limited liability company; CLAUSEN INC., a Washington corporation; JONATHAN CLAUSEN, an individual; and JODI CLAUSEN, an individual,<br><br>*Defendants.* | Civil No. 4:26-cv-693 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>ANTONIO CHOUKAIR, AN INDIVIDUAL, D/B/A ASTRO TACTICAL,<br><br>*Defendant.* | Civil No. 4:26-CV-755 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>TGR SERVICES, LLC, a Texas limited liability company; and TGR VENTURES, LP, a Texas limited partnership,<br><br>*Defendants.* | Civil No. 4:26-CV-680 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>AR-15 GUN OWNERS OF AMERICA, INC., a Georgia corporation; and CHRIS ALLEN WALTZ, an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-761 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>WEBCORP, INC., a Missouri corporation; and THOMAS KIRGIN, JR., an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-768 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>HAWKPHIN SALES, LLC, an Iowa limited liability company; and ADAM GERLEMAN, an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-707 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>SHOOTING TARGETS USA, LLC, a North Carolina limited liability company; and MICHAEL JOSEPH SPEENEY, an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-799 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>EAST COAST CERAKOTE LLC, a South Carolina limited liability company; and GAVIN LUZIER, an individual,<br><br>*Defendant.* | Civil No. 4:26-CV-831 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>ATLANTIC FIREARMS, LLC, a Maryland limited liability company, and BLAINE BUNTING, an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-926 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>VELOCITY AMMUNITION SALES, LLC, a Virginia limited liability company; and DAVID ALLEN HAZLETT, an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-954 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>QUICK RESPONSE FIREARMS, LLC, an Idaho limited liability company; DANIEL CORSINI, an individual; and JERRIED "JERRY" BROWN, an individual,<br><br>*Defendant.* | Civil No. 4:26-CV-944 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>INOCULUM-GROUP LLC, an Idaho limited liability company; and RYAN K. JACOBSON, an individual,<br><br>*Defendant.* | Civil No. 4:26-CV-945 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DAVID FRESHWATER, an individual, d/b/a IDAHO ARMS & AMMO,<br><br>*Defendant.* | Civil No. 4:26-CV-930 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>SKER INDUSTRIES, LLC, a New York limited liability company; and JORDAN LINSKER, an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-928 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>VANCE OUTDOORS INC. et. Al.,<br><br>*Defendants.* | Civil No. 4:26-CV-1009 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>2A NINJA LLC, a Missouri limited liability company; and ETHAN ALEXANDER COOK, an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-1106 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DIRTY BIRD INDUSTRIES, LLC, a California limited liability company; JAY PITCHER, an individua; DUSTIN PITCHER, an individual; and LORI PITCHER, an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-1013 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>MGCC Enterprises LLC, a Virginia limited liability company, d/b/a Flip Ammo,<br><br>*Defendant.* | Civil No. 4:26-CV-1068 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>ODIN WORKS, INC., an Idaho corporation; and THOMAS HINES, an individual,<br><br>*Defendant.* | Civil No. 4:26-CV-1091 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>COMBAT ARMORY LLC, a Michigan limited liability company,<br><br>*Defendants.* | Civil No. 4:26-CV-1129 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>BILSON ARMS, LLC, a Louisiana limited liability company; and JOHN W. ANGERS JR., an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-1134 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>STAR DEVELOPMENT, LLC, a Wyoming limited liability company, d/b/a STAR DEV LLC; and SARAH STOKES, an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-1136 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA, an Illinois corporation,<br><br>*Defendant.* | Civil No. 4:26-CV-521 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>FIREARMS DIRECT CLUB LLC, a Florida limited liability company; KIMBERLY SMITH, an individual; and TAYLOR SPEARS, an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-1120 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>MUFFINTOP TACTICAL LLC, a Texas limited liability company; and JASON RAMSDEN, an individual,<br><br>*Defendant.* | Civil No. 4:26-CV-1277 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>CLOAK INDUSTRIES, INC., an Idaho corporation, and WILLIAM C. KING JR., an individual,,<br><br>*Defendants.* | Civil No. 4:26-CV-608 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>SGC, LLC, an Arizona limited liability company, d/b/a Scottsdale Gun Club, and TERENCE D SCHMIDT, an individual, and RONALD KENNEDY, an individual,<br><br>*Defendants.* | Civil No. 4:26-CV-694 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>FIREARM SYSTEMS LLC d/b/a FIREARM SYSTEMS, an Arizona limited liability company, and BRANDON DONATTO, an individual, and MICHAEL STAKES, an individual,<br><br>*Defendant.* | Civil No. 4:26-CV-695 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>CANUCK TACTICAL LLC, d/b/a RANGESPORT AMERICA LLC, a Louisiana limited liability company,<br><br>*Defendants.* | Civil No. 4:26-CV-705 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are thirteen Motions to Stay, pending in thirty-two member actions of MDL 3176. Having considered the Motions and the relevant pleadings, the Court finds that the Motions should be **DENIED**.

## BACKGROUND

On April 2, 2026, the United States Judicial Panel on Multidistrict Litigation entered a Transfer Order that transferred five cases to the Eastern District of Texas for coordinated or consolidated pretrial proceedings (Case No. 4:26-md-3176, Dkt. #1). Since then, over 100 cases

have been transferred to this Court for participation in MDL No. 3176, *In re: Rare Breed Triggers Patent Litigation*.

These consolidated actions arise from Plaintiffs' patented 'forced reset trigger' ("FRT®") technology (Case No. 4:26-md-3176, Dkt. #56 at p.21). The Defendants include manufacturers, importers, distributors, and resellers of products that Plaintiffs allege infringe on Plaintiffs' patented technology (Case No. 4:26-md-3176, Dkt. #56 at p.22).

## LEGAL STANDARD

The trial court has broad discretion to sever and stay actions. *See Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (citing FED. R. CIV. P. 21). When a patent infringement suit is brought against a manufacturer and its customer, the court may stay the action against the customer pending resolution of the case against the manufacturer. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014); *see also In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015) (finding such a stay is not mandatory). "The customer-suit exception developed not as a general exception to a lawsuit against a manufacturer and re-seller, but as an 'exception to the "first-to-file" rule … to avoid, if possible, imposing the burdens of trial on the customer.'" *Samsung Elecs. Co. v. Tech. Consumer Prods., Inc.*, 2024 WL 1961320, at *1 (D. Del. May 2, 2024) (quoting *In re Nintendo*, 756 F.3d at 1365). "[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (citing *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006)).

## ANALYSIS

Relying on the customer-suit exception and the traditional stay factors, over thirty Moving Defendants[1] in MDL 3176 assert that the Court should stay their claims pending final resolution of Plaintiffs' claims against the relevant manufacturers. These motions were filed piece-meal as new cases were transferred to the 3176 MDL. Similar motions were filed by the Moving Defendants on March 25, 2026,[2] July 1, 2026,[3] July 14, 2026,[4] July 28, 2026,[5] August 17, 2026,[6] August 26, 2026,[7] September 3, 2026,[8] September 15, 2026,[9] and most recently, October 2, 2026.[10] The relevant manufacturer suits include *ABC IP, LLC et al. v. Peak Tactical, LLC d/b/a Partisan Triggers et al.*, No. 4:26-cv-00689 (E.D. Tex.); *Atrius Development Group Corp. v. ABC IP, LLC, et al.*, Nos. 7:26-cv-00211 (W.D. Tex.) and 4:26-cv-00448 (E.D. Tex.); *Rare Breed Triggers, Inc., et al., v. AS Designs,*

---

[1] The Court will refer to all Defendants who have filed a Motion to Stay under the customer-suit exception as the "Moving Defendants."

[2] On March 25, a motion to stay was filed in three member actions (Case No. 2:26-cv-53, Dkt. #13; Case No. 2:26-cv-55, Dkt. #14; Case No. 2:26-cv-58, Dkt. #15).

[3] On July 1, a motion to stay was filed in four member actions (Case No. 4:26-cv-705, Dkt. #30; Case No. 4:26-cv-695, Dkt. #32; Case No. 4:26-cv-694, Dkt. #39; Case No. 4:26-cv-608, Dkt. #27)

[4] On July 14, a motion to stay was filed in six member actions (Case No. 4:26-cv-707, Dkt. #36; Case No. 4:26-cv-768, Dkt. #50; Case No. 4:26-cv-761, Dkt. #12; Case No. 4:26-cv-680, Dkt. #13; Case no. 4:26-cv-755 (Dkt. #16); Case No. 4:26-cv-693, Dkt. #27).

[5] On July 28, a motion to stay was filed in two member actions (Case No. 4:26-cv-799, Dkt. #15; Case No. 4:26-cv-831, Dkt. #20).

[6] On August 17, a motion to stay was filed in five member actions (Case No. 4:26-cv-954, Dkt. #11; Case No. 4;26-cv-944, Dkt. #19; Case No. 4:26-cv-945, Dkt. #17; Case No. 4:26-cv-930, Dkt. #15; Case No. 4:26-cv-928, Dkt. #17). A separate motion to stay was filed in Case No. 4:26-cv-00926, Dkt. #16.

[7] On August 26, a motion to stay was filed in two member actions (Case No. 4:26-cv-1106, Dkt. # 26; Case No. 4:26-cv-1013, Dkt. #15). A separate motion to stay was filed in Case No. 4:26-cv-1009, Dkt. #29.

[8] On September 3, a motion to stay was filed in three member actions (Case No. 4:26-cv-1068, Dkt. #17; Case No. 4:26-cv-1091, Dkt. #19; Case No. 4:26-cv-1129, Dkt. #14).

[9] On September 15, a motion to stay was filed in three member actions (Case No. 4:26-cv-521, Dkt. #129; Case No. 4:26-cv-1134, Dkt. #13; Case No. 4:26-cv-1136, Dkt. #15).

[10] On October 2, 2026, a motion to stay filed in two member actions (Case No. 4:26-cv-1120, Dkt. #24; Case No. 4:26-cv-1277, Dkt. #13).

*LLC, et al.*, No. 4:26-cv-00370 (E.D. Tex.); *ABC IP, LLC, et al., v. Advanced Threat Assessment and Training, Inc.*, No. 2:26-cv-14198 (S.D. Fla.); *ABC IP, LLC, et al., v. Timothy Hoffman, et al.*, No. 4:26-cv-00378 (E.D. Tex.); *ABC IP, LLC, et al., v. NSPEC Innovations LLC, et al., No. 1:26-cv-01553* (W.D. Tex.); *ABC IP, LLC, et al., v. Redacted Arms LLC, No. 4:26-cv 00754* (E.D. Tex.); *Rare Breed Triggers, Inc., et al., v. DNT LLC, et al.*, No. 4:26-cv-00377 (E.D. Tex.); *ABC IP, LLC, et al., v. Z3 Productions, LLC, No. 4:26-cv-00367* (E.D. Tex.) (altogether, the "Manufacturer Actions").

The core of the parties' dispute is the application of the customer-suit exception, specifically whether in this case "litigation against or brought by the manufacturer of infringing goods" should "take precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.3d 1459, 1464 (Fed. Cir. 1990). Application of the customer-suit exception is not automatic where both a manufacturer and customer are involved in parallel litigation. *Monterey Research, LLC v. Renesas Elec. Corp.*, No. 2:24-cv-00238-JRG, 2025 WL 6110046, at *2 ("While the Court may stay proceedings against a customer, the Court, in its discretion, may deny a stay . . .").

According to the Federal Circuit, the "guiding principles in the customer-suit exception cases are efficiency and judicial economy." *Tegic Communs. Corp. v. Bd. Of Regents*, 458 F.3d 1335, 1343 (Fed. Cir. 2006) (denying application of the customer suit exception where party did not show a stay would be more efficient). The Court agrees with Plaintiffs that the customer-suit exception is less compelling where "this MDL proceeding exists to coordinate and streamline the proceedings" (Dkt. #33 at p. 6). Further, other policy considerations underlying the customer-suit exception are not present here. There is no risk of forum shopping. *Spread Spectrum LLC*, 657 F.3d at 1358 (noting "it is unclear that the customer suit exception to the first-to-file doctrine is even at

issue" where the Court was "not presented with a traditional first-to-file scenario, and the underlying policy considerations associated with a 'race to the courthouse,' such as deterring forum shopping, are not implicated"). Further, the United States Judicial Panel on Multidistrict Litigation already found "centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings—especially regarding claim construction, patent validity, and the appropriateness of injunctive relief—and conserve the resources of the parties, their counsel, and the judiciary" (Case No. 4:26-md-3176, Dkt. #1).

Accordingly, the Court finds that a stay under the customer-suit exception is not appropriate here. This is especially true where Rule 16.1 allows this Court to consolidate pleadings, appoint leadership counsel, and otherwise increase efficiency without the need to stay the Moving Defendant's cases and prolong Plaintiff's litigation of these issues. FED. R. CIV. P. 16.1; *see also* Case No. 4:26-md-03176, Dkt. #56 (Parties Joint Initial Management Report proposing the appointment of leadership counsel and the authorization of consolidated, streamlined pleadings).

## CONCLUSION

It is therefore **ORDERED** that the Moving Defendants' pending motions to stay (Case No. 2:26-cv-53, Dkt. #13; Case No. 2:26-cv-55, Dkt. #14; Case No. 2:26-cv-58, Dkt. #15; Case No. 4:26-cv-705, Dkt. #30; Case No. 4:26-cv-695, Dkt. #32; Case No. 4:26-cv-694, Dkt. #39; Case No. 4:26-cv-608, Dkt. #27, Case No. 4:26-cv-707, Dkt. #36; Case No. 4:26-cv-768, Dkt. #50; Case No. 4:26-cv-761, Dkt. #12; Case No. 4:26-cv-680, Dkt. #13; Case no. 4:26-cv-755, Dkt. #16; Case No. 4:26-cv-693, Dkt. #27; Case No. 4:26-cv-799, Dkt. #15; Case No. 4:26-cv-831, Dkt. #20; Case No. 4:26-cv-954, Dkt. #11; Case No. 4:26-cv-944, Dkt. #19; Case No. 4:26-cv-945, Dkt. #17; Case No. 4:26-cv-930, Dkt. #15; Case No. 4:26-cv-928, Dkt. #17; Case No. 4:26-cv-00926, Dkt. #16; Case No. 4:26-cv-1106, Dkt. # 26; Case No. 4:26-cv-1013, Dkt. #15; Case No. 4:26-cv-1009, Dkt.

#29; Case No. 4:26-cv-1068, Dkt. #17; Case No. 4:26-cv-1091, Dkt. #19; Case No. 4:26-cv-1129, Dkt. #14; Case No. 4:26-cv-521, Dkt. #129; Case No. 4:26-cv-1134, Dkt. #13; Case No. 4:26-cv-1136, Dkt. #15; Case No. 4:26-cv-1120, Dkt. #24; Case No. 4:26-cv-1277, Dkt. #13) are **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 8th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE